UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re LEONARD JOHNSON,

       Debtor.

_____/

In Re RAHJINAH JOHNSON,

       Debtor.

_____/

JIMMIE WASHINGTON,

       Appellant/Cross-Appellee,           Case No. 2:25-cv-12340

v.                                     Honorable Susan K. DeClercq
                                         United States District Judge

RIVER PARK PLACE CONDOMINIUM
ASSOCIATION,

       Appellee/Cross-Appellant,

and

LEONARD JOHNSON, and
RAHJINAH JOHNSON,

       Appellees.

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT ORDERS
AND DENYING AS MOOT APPELLANT'S MOTION TO STAY AND
VACATE EXECUTION ORDER PENDING APPEAL (ECF No. 9)**

In this consolidated appeal, Appellant Jimmie Washington and Cross-

Appellant River Park Place Condominium Association ("the Association") both

appeal two bankruptcy court orders[1] imposing a total of $10,000 in sanctions on Attorney Jimmie Washington. Washington asserts that the Bankruptcy Court should not have imposed any sanctions on him. The Association, on the other hand, asserts that the Bankruptcy Court should have imposed harsher sanctions on Washington. But, as explained below, both of the Bankruptcy Court's orders imposing sanctions on Washington will be affirmed.

## I. BACKGROUND

From 2021 to 2024, Debtors Leonard Johnson and Rahjinah Johnson were involved in state court litigation against the Association. *See* ECF Nos. 14 at PageID.536; 16 at PageID.656. A settlement in that matter was reached and placed on the record on April 8, 2024. *See In re Johnson*, No. 24-51353, 2025 WL 1920452, at *2 (Bankr. E.D. Mich. July 11, 2025). But eight months later, both Leonard and Rahjinah filed petitions for Chapter 13 bankruptcy. *See id.* at *3.

In January 2025, the Association timely filed claims[2] in both Leonard and Rahjinah's bankruptcy cases for the state court settlement amount plus interest. *See*

---

[1] Although the two sanctions orders were issued in two separate bankruptcy proceedings, they are identical in all ways relevant to the questions presented on appeal.

[2] In the context of a bankruptcy proceeding, a claim is any right to payment that a creditor holds against a debtor. *See* Erin Berry, Note, *Bankruptcy Law—A Battle of Two Acts:* Midland Funding, LLC v. Johnson, 137 S. Ct. 1407 (2017), 18 WYO. L. REV. 237, 242 (2018). "A proof of claim is a written statement of a creditor's claim"

*id.* But in February 2025, Appellant Jimmie Washington—the attorney who represented Leonard and Rahjinah in the state court litigation—objected to the Association's claims in both cases, despite not representing either debtor in bankruptcy court and having "no pecuniary interest" in either case. *Id.* at *3–4.

At a claim objection hearing on April 10, 2025, the Bankruptcy Court "denied/overruled" Washington's objections to the Association's claims. *Id.* at *4. The Bankruptcy Court reasoned that Washington's objections were barred by the *Rooker-Feldman* doctrine and, even if it were not, Washington lacked standing to pursue an objection to the Association's claims against Leonard and Rahjinah. *Id.* at *4–6.

A few weeks later, the Association filed motions for sanctions against Washington in both Leonard and Rahjinah's bankruptcy cases. *Id.* at *6. The Bankruptcy Court granted in part the Association's motions for sanctions against Washington in both Leonard and Rahjinah's bankruptcy cases, issuing nearly identical opinions in each case. *Compare id.*, *with In re Johnson*, No. 24-51360, 2025 WL 1920450 (Bankr. E.D. Mich. July 11, 2025). The Bankruptcy Court denied the Association's motions to the extent they sought sanctions under Bankruptcy Rule 9011 and the Court's inherent powers, but granted the motions to the extent they

---

in a bankruptcy case. FED. R. BANKR. P. 3001(a). Filing a proof of claim allows a creditor to recover the debt owed by the debtor from the bankruptcy estate. *See* Berry, *supra* note 2 at 242.

sought sanctions under 28 U.S.C. § 1927. *See In re Johnson*, 2025 WL 1920452, at *6–8.

The Bankruptcy Court explained that § 1927 sanctions were appropriate because Washington had admitted on-the-record on April 10, 2025 that (1) he never represented Leonard or Rahjinah in their respective bankruptcy proceedings; (2) he never filed a proof of claim in either case; and (3) he knew the *Rooker-Feldman* doctrine applied such that the Bankruptcy Court could not relitigate issues that were litigated in the state court proceeding. *See id.* at *7; *see also* ECF No. 14 at PageID.565–67, 594–99; 631–32. Thus, the Bankruptcy Court concluded that Washington

> knew or reasonably should have known that . . . [the Bankruptcy] Court lacked subject matter jurisdiction to review the State Court Judgment . . . and that it was unreasonable and frivolous for [Washington] to file and pursue the Claim Objection, and that doing so unreasonably and vexatiously multiplied the proceedings in [Leonard's] bankruptcy case (and in the bankruptcy case of Rahjinah Johnson (Case No. 24-51360)), all while ratcheting up the legal fees incurred by the Association in defending against his actions in [the Bankruptcy] Court."

*In re Johnson*, 2025 WL 1920452, at *7.

Accordingly, the Bankruptcy Court issued an order "awarding sanctions to the Association in the total amount of $10,000.00, consisting of $5,000.00 in sanctions in" Leonard's bankruptcy case and "$5,000.00 in Rahjinah's [] bankruptcy case." *Id.* at *9.

In response, Washington appealed the sanctions orders, and the Association—which sought more severe monetary sanctions—filed cross appeals of both sanctions orders. *See generally* ECF No. 11 at PageID.523 (explaining that "all four appeals concern the application of the same law to the same set of facts in two different bankruptcy cases."). In November 2025, this Court consolidated all four sanctions appeals. *Id.*

After the sanctions appeals were consolidated, the Parties submitted their respective appellate briefs. *See* ECF Nos. 14; 16; 18–20. The matter is fully briefed and a hearing is not necessary. *See* E.D. Mich. LR 7(f)(2).

## II. STANDARD OF REVIEW[3]

"[A]n order granting sanctions under 28 U.S.C. § 1927 is [ ] reviewed for an abuse of discretion." *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 346 (B.A.P. 6th Cir. 2015), *aff'd*, 652 F. App'x 330 (6th Cir. 2016) (citing *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007)). A district court reviewing a sanctions order "abuses its discretion when it 'relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment.'" *Whiting v. City of Athens, Tenn.*, 170 F.4th 439,

---

[3] The district court sits as an appellate court when reviewing decisions of a bankruptcy court. 28 U.S.C. § 158.

- 5 -

445 (6th Cir. 2026) (quoting *Cole v. City of Memphis*, 839 F.3d 530, 540 (6th Cir. 2016)).

### III. DISCUSSION

### A. Imposition of Sanctions

The Bankruptcy Court sanctioned Washington under 28 U.S.C. § 1927,[4] which provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. As explained by the Sixth Circuit's recent survey of caselaw addressing § 1927 sanctions:

> Section 1927 sanctions can be appropriate when (1) "an attorney knows or reasonably should know that a claim pursued is frivolous[;]" (2) "an attorney knows or reasonably should know" "that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims," *Bojicic v. DeWine*, 145 F.4th 668, 673 (6th Cir. 2025) (quoting *Hall v. Liberty Life Assur. Co. of Bos.*, 595 F.3d 270, 275–76 (6th Cir. 2010))[;] or (3) the attorney's conduct fell "short of the obligations owed by a member of the bar to the court," *King v. Whitmer*, 71 F.4th 511, 531 (6th Cir. 2023) (quoting *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006)). This is an objective standard. *See Larry E. Parrish P.C. v. Bennett*, 989 F.3d 452, 458 (6th Cir. 2021).

---

[4] 28 U.S.C. § 1927 applies to "any court of the United States." And although "case law is split as to whether bankruptcy courts are 'court[s] of the United States' and, therefore, whether bankruptcy courts may sanction counsel under § 1927 . . . . the Sixth Circuit Court of Appeals has affirmed" bankruptcy court orders imposing sanctions under § 1927. *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 364–65 (B.A.P. 6th Cir. 2015), *aff'd*, 652 F. App'x 330 (6th Cir. 2016).

- 6 -

*Whiting*, 170 F.4th at 446.

The purpose of sanctions under § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006); *see also Tilmon-Jones v. Boladian*, 581 F. App'x 493, 498 (6th Cir. 2014) (noting that "the goal of 28 U.S.C. § 1927 [is] not to make a party whole, but to deter and punish" an attorney's unreasonable and vexatious multiplication of court proceedings.).

Here, the Bankruptcy Court in this case did not abuse its discretion by imposing $10,000 sanctions on Washington under § 1927 because it pointed to several facts which demonstrated that Washington unreasonably and vexatiously multiplied both Leonard and Rahjinah's bankruptcy court proceedings. *See In re Johnson*, 2025 WL 1920452, at *7. The Bankruptcy Court also determined that $10,000—split between Leonard and Rahjinah's bankruptcy cases—would be sufficient to deter and punish Washington for his aggressive tactics considering the time and money the Association spent responding to such aggressive tactics. *See id.*

Washington argues that the Bankruptcy Court's sanctions orders are "dicta, that is vague and lack[s] specificity as to any articulation as to what conduct [Washington] allegedly committed to violate 28 U.S.C. § 1927." ECF No. 16 at PageID.682. Washington also appears to attempt to re-argue the merits of the

Bankruptcy Court's order overruling Washington's claim objections. *See* ECF No. 19 at PageID.728 (arguing—among other related issues—that the Bankruptcy Court "erred by determining [Washington] was not an unsecured creditor" and "characterizing [Washington] as an 'interloper' under circumstances reflecting bias."). But the Bankruptcy Court's order overruling and denying Washington's objections is not the order before this Court on appeal. The Bankruptcy Court order before this Court on this appeal is the order imposing sanctions on Washington. And, as explained above, the Bankruptcy Court sufficiently explained how Washington violated § 1927, thus the imposition of sanctions under that statute was not an abuse of discretion, so this Court will affirm the Bankruptcy Court's order imposing sanctions on Washington.

## B. Sanctions Award Amount

The Association argues that the Bankruptcy Court "committed a clear error of judgment in reducing total the amount awarded in the sanctions orders from the requested $15,000 to $10,000." ECF No. 14 at PageID.550. According to the Association, if the Bankruptcy Court was going to reduce the amount of sanctions, it needed to identify specific improper or inflated billing entries by the Association's Counsel or provide further evidence that the Association's Counsel's hourly billing rate was unreasonable. *See id.* at PageID.549.

But the Association cites no legal authority in support of these arguments. Likely because none exists. Indeed, the Sixth Circuit has held that "[a] sanction award amount under . . . § 1927 need not cover the entire amount of fees incurred." *Boladian*, 581 F. App'x at 498. This is so because the goal of sanctions under § 1927 is "deterrence and punishment rather than restitution." *Red Carpet,* 465 F.3d at 647. And here, the Bankruptcy Court determined that $10,000 was the appropriate sanction to deter and punish Washington for his aggressive tactics that far exceeded zealous advocacy. *See id.* True, the Bankruptcy Court also considered the amount of time and money the Association spent responding to Washington's aggressive tactics. But that is not the *sole purpose* of § 1927 sanctions. In this way, the Bankruptcy Court did not err in reducing the amount of sanctions by $5,000. *See id.* (finding that the district court did not err in reducing amount of sanctions under § 1927 to $10,000 despite opposing counsel incurring over $42,000 in costs because $10,000 was sufficient to deter and punish the attorney).

In sum, neither Washington nor the Association have shown that the Bankruptcy Court "relie[d] on clearly erroneous findings of fact, applie[d] the wrong legal standard, misapplie[d] the correct legal standard when reaching a conclusion, or ma[de] a clear error of judgment." *Cole*, 839 F.3d at 540. Accordingly, this Court will affirm the Bankruptcy Court's orders imposing $10,000 sanctions on

Washington. As a result, Washington's motion to stay and vacate the execution order

pending appeal, ECF No. 9, is now moot and will be denied accordingly.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that the Bankruptcy Court's July 11, 2025

Orders imposing monetary sanctions on Washington in *In re Leonard Johnson*, No.

24-51353 (Bankr. E.D. Mich. July 11, 2025) and *In re Rahjinah Johnson*, No. 24-

51360 (Bankr. E.D. Mich. July 11, 2025) are **AFFIRMED**.

It is further **ORDERED** that Washington's Motion to Stay and Vacate

Execution Order Pending Appeal, ECF No. 9, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 24, 2026

- 10 -